UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-132-GCM

| RASHAD RANZY, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| CRUMLEY ROBERTS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on initial review of the Complaint, (Doc. No. 1), and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, (Doc. No. 2).

## I. BACKGROUND

*Pro se* Plaintiff purports to file suit under 42 U.S.C. § 1983. Plaintiff, whose address of record is in Charlotte, names as Defendants the private law firm of Crumley Roberts, LLP, and the firm's president, Christopher H. Roberts, of Greensboro, N.C. (Doc. No. 1 at 1). Plaintiff states that Defendants were not acting under color of state law at the time these claims occurred. (Doc. No. 1 at 2).

The Complaint's Nature of Case section states that Plaintiff needs justice from his oppression that amounts to slavery under the 13th Amendment. He appears to allege that he is disabled due to anxiety disorder. He also complains about numerous conditions imposed on him by his mother and others. For instance, he alleges that he is experiencing oppression due to an inadequate education, homelessness, involuntary commitment to psychiatric hospitals on several occasions, placement of Plaintiff's mother as his guardian *ad litem*, and his mother's

1

"manipulation" of his social security benefits without his consent. (Doc. No. 1 at 3). He alleges that his living situation is oppressive because his roommates use drugs and have confrontations with Plaintiff, and that they are to blame for some missing mail. He further alleges that he is the victim of race and disability discrimination at the hands of his mother as well as the federal government including public defenders, county and district judges, and agencies which he is not aware of which are depriving him of life and disparaging him. With regards to Defendant Crumley Roberts, LLP, Plaintiff appears to allege that he emailed the firm about his roommates having "jumped" him on February 28, 2019. (Doc. No. 1 at 6). The law firm did not respond until March 6, 2019, at which time an unknown person called him and "was frivolous which is malicious, and tried to put [Plaintiff] on a wild goose chase." (Doc. No. 1 at 6). Plaintiff complains that the law firm was supposed to "appoint" him an attorney to get him out of his "ordeal" and failed to do so, because Plaintiff is African-American and disabled. (Id.).

Plaintiff sets forth some of his litigation history in the Complaint, including case numbers 1:15-cv-4714, 1:15-cv-7282, 1:15-cv-10535, 1:15-cv-11841, 1:16-cv-1733, 1:16-cv-5938, that he filed in the Northern District of Illinois. That Court has dismissed a number of Plaintiff's cases as frivolous and ultimately enacted a pre-filing injunction against him, case number 1:16-cv-9680.

In the instant case, Plaintiff seeks the appointment of an attorney who will "use all their knowledge and power to relieve [Plaintiff] from [his] ordeal, make sure [he] don't suffer any more, and start the process of remedying [Plaintiff] being a victim, of Race and Disability discrimination, at the hands of the federal government and [Plaintiff's] mother." (Doc. No. 1 at 15).

## II. MOTION TO PROCEED *IN FORMA PAUPERIS*

The Court first addresses Plaintiff's motion to proceed *in forma pauperis*. Plaintiff's affidavit shows that he receives monthly income of $820, comprised of $600 in disability benefits and $120 in food stamps. (Doc. No. 2 at 1-2). His only assets are $15.50 in cash and in a checking account. (Id. at 3). His monthly expenses total $770, including $650 for housing and $120 for food. (Doc. No. 2 at 4-5). He does not expect any major changes to his monthly expenses, assets, or liabilities in the next year and he does not expect to have any expenses in conjunction with this action. (Id. at 5). Plaintiff explains his inability to pay the costs of these proceedings as follows: "I don't have an money and I don't manage my SSI benefits, my mother does." (Doc. No. 2 at 5); see also (Doc. No. 2 at 6). The Court is satisfied that Plaintiff does not have sufficient funds to pay the filing fee. The Court will, therefore, allow the motion and permit Plaintiff to proceed *in forma pauperis*.

## III. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007). The statement of the claim does not require specific facts; instead, it "need only 'give the

3

defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). However, the statement must assert more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555.

A *pro se* complaint must be construed liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**IV. DISCUSSION**

The Complaint is frivolous and too vague and conclusory to pass initial review. Plaintiff fails to explain his relationship with Defendant or describe the alleged incident in enough detail to satisfy Rule 8. His bare reference to 42 U.S.C. § 1983 is insufficient to state a claim. Plaintiff has failed to set forth a short and plain statement describing each of the Defendant's alleged actions, allege how each of the Defendants was a state actor, or explain how each of the Defendants has violated his rights under the color of state law.[1] To the extent that Plaintiff alludes to a disability and discrimination, these references likewise too vague and conclusory to state a sufficient claim. Indeed, the allegations are so severely deficient that the Court cannot conclude at this juncture that it has subject-matter jurisdiction over this action. The Complaint

---

[1] To the extent that Plaintiff refers to individuals not named as Defendants, the allegations against them are nullities. See Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("to make someone a party the plaintiff must specify him in the caption and arrange for service of process.").

4

will, therefore, be dismissed without prejudice. To the extent that Plaintiff seeks the appointment of counsel, his motion is denied.

Plaintiff shall have **fourteen (14) days** in which to file an Amended Complaint in which he may attempt to cure these deficiencies and state a facially sufficient claim for relief. Although Petitioner is appearing *pro se*, he is required to comply with all applicable timeliness and procedural requirements, including the Local Rules of the United States District Court for the Western District of North Carolina and the Federal Rules of Civil Procedure. The Amended Complaint must be on a civil complaint, which the Court will provide, and it must refer to the instant case number so that it is docketed in the correct case. It must contain a "short and plain statement of the claim" showing that Plaintiff is entitled to relief against each defendant. Fed. R. Civ. P. 8(a)(2). The Amended Complaint must contain all claims Plaintiff intends to bring in this action, identify all defendants he intends to sue, clearly set forth the factual allegations against each of them, and set forth the basis for the Court's jurisdiction. Plaintiff may not amend his Complaint by merely adding defendants and claims in a piecemeal fashion. The Amended Complaint will supersede the original Complaint so that any claims or parties omitted from the Amended Complaint will be waived. See Young v. City of Mt. Ranier, 238 F.3d 567 (4th Cir. 2001). Plaintiff's failure to comply with this Order will probably result in this case's dismissal and closure without further notice.

V.    **CONLUSION**

Plaintiff's motion to proceed *in forma pauperis* is granted. For the reasons stated herein, the Complaint is dismissed as frivolous, for failure to state a claim upon which relief can be granted, and for lack of subject-matter jurisdiction. The dismissal is without prejudice to file an Amended Complaint within 14 days of this Order. Plaintiff's failure to comply with this Order

will probably result in this case's dismissal and closure without further notice.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's Motion to Proceed in Forma Pauperis, (Doc. No. 2), is **GRANTED**.

2. The Complaint is **DISMISSED** without prejudice as frivolous and for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii), and for lack of subject-matter jurisdiction.

3. Plaintiff's request for the appointment of counsel is **DENIED.**

4. Plaintiff shall have **fourteen (14) days** in which to file an Amended Complaint in accordance with this order and all applicable rules and procedures. If Plaintiff fails to file an Amend Complaint in accordance with this Order, this action will be dismissed and closed without further notice to Plaintiff.

5. The Clerk of Court is directed to mail a copy of the civil complaint form to Plaintiff.

Signed: April 9, 2019

Graham C. Mullen
United States District Judge