# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:19-cv-132-GCM

| RASHAD RANZY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | **ORDER** |
|  | ) |  |
| CRUMLEY ROBERTS, LLC, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on initial review of the Amended Complaint, (Doc. No. 6).[1] Plaintiff is proceeding *in forma pauperis*. (Doc. No. 4).

## I. BACKGROUND

*Pro se* Plaintiff purports to file suit under 42 U.S.C. § 1983. Plaintiff, whose address of record is in Charlotte, names as Defendants the private law firm of Crumley Roberts, LLP, and the firm's president, Christopher H. Roberts, of Greensboro, N.C. Plaintiff states that Defendants were acting under color of state law at the time the claims occurred. (Doc. No. 6 at 2).

The Complaint's "Nature of Case" section states that Plaintiff's constitutional rights have been disparaged and that he needs an attorney to pursue justice in light of the race and disability discrimination he has experienced at the hands of "the federal government and [his] mother, which is official through the eyes of the 'Judiciary' as of June 6, 2015." (Doc. No. 6 at 3). He claims that he is disabled due to "arrested developmental" and that Crumley Roberts is a personal injury/disability law firm that advertises "[w]e stand up for you." (Doc. No. 6 at 3). On

---

[1] The Complaint was dismissed without prejudice on initial review and Plaintiff was provided the opportunity to amend. See Thomas v. Salvation Army So. Terr., 841 F.3d 632 (4th Cir. 2016).

1

February 28, 2019, Plaintiff sent the law firm an email explaining his injury and the discrimination he has experienced. An unknown individual phoned him on March 6, 2019 and was "frivolous and malicious" to Plaintiff and "tried to put [Plaintiff] on a wild chase." (Doc. No. 6 at 3). Plaintiff was never appointed a lawyer or received a consultation to "start the process of remedying or terminating, [Plaintiff] being a victim, of race and disability discrimination, at the hands of the federal government and [his] mother." (Doc. No. 6 at 3). He claims that the law firm discriminated against him because he is African-American and disabled and failed to "appoint" a lawyer to represent him and thus "compelled [him] to have to deal with the ordeal, torture, of being a, victim of, race and disability discrimination, at the hands of the federal government and [his] mother, by discriminating against [him] or [his] case of, being a victim of race and disability discrimination, at the hands of the federal government and [his] mother, because of [his] race, being an African-American and [his] disability, being a person subject to <u>arrested developmental</u>." (Doc. No. 6 at 5). Plaintiff claims that Defendants subjected him to "advertisement injury" by choosing not to represent him which is "torture." (Doc. No. 6 at 4).

As relief, Plaintiff seeks an apartment and utilities, money for food and clothing, and attorneys to "start the process, of terminating or remedying me being a victim, of race and disability discrimination, at the hands of the federal government and [his] mother, from law firm, Crumley Roberts, LLP [and] … that [his] relief requests, are not disparaging." (Doc. No. 6 at 13).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against

2

a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court must determine whether the Amended Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007). The statement of the claim does not require specific facts; instead, it "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). However, the statement must assert more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555.

A *pro se* complaint must be construed liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a pro se complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

The conclusory, repetitious, and nonsensical allegations fail to adequately describe how each of the Defendants – a law firm and private attorney – was a state actor or violated Plaintiff's rights under the color of state law. To the extent that Plaintiff alludes to a disability and discrimination, these references likewise too vague and conclusory to state a claim and are frivolous. See generally Denton v. Hernandez, 504 U.S. 25, 33 (1992) ("[A] finding of factual

3

frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible...."); McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"). Indeed, the allegations are so severely deficient that the Court cannot conclude that it has subject-matter jurisdiction over this action. For all the foregoing reasons, the Amended Complaint will be dismissed.

Plaintiff is cautioned that repeated frivolous filings before the Court may result in the imposition of sanctions including a pre-filing injunction.

**IV. CONCLUSION**

Plaintiff has failed to establish the existence of subject-matter jurisdiction and the Amended Complaint is frivolous and fails to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). The Amended Complaint will therefore be dismissed and this case will be closed.

**IT IS, THEREFORE, ORDERED that:**

1. The Amended Complaint is **DISMISSED** as frivolous and for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) and for lack of subject-matter jurisdiction.

2. The Clerk of Court is directed close this case.

Signed: October 2, 2019

Graham C. Mullen
United States District Judge